UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE,<br><br>             Petitioner,<br><br>      v.<br><br>THE PEOPLE,<br><br>             Respondent. | No.  2:25-CV-0504-SCR<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without a lawyer, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with a motion to proceed in forma pauperis. ECF Nos. 1, 8.  This proceeding is referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I.      Factual and Procedural History**

On February 11, 2025, petitioner's habeas petition was transferred to this court from the Northern District of California.  ECF No. 4.  A review of the habeas petition indicates that petitioner is challenging his conviction from the San Joaquin County Superior Court.  Petitioner does not indicate what crime he was convicted of or what sentence was imposed.  He appealed the state court judgment to the California Court of Appeal. ECF No. 1 at 3-4.  According to the habeas petition, his direct appeal is still pending.  Id.  As grounds for relief, petitioner raises a

////

double jeopardy violation, a sufficiency challenge to the use of a weapon, and ineffective assistance of counsel claims. Id. at 5-6.

## II. Legal Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011). A petitioner satisfies this exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

A federal court may sua sponte raise a petitioner's failure to exhaust state court remedies. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992) (recognizing a federal court's power to sua sponte raise exhaustion issues). Once a court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (emphasizing that a court cannot consider a petition that has not been exhausted); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

## III. Analysis

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the court must review any petition for a writ of habeas corpus and summarily dismiss it if it is plain that the petitioner is not entitled to relief. See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). In this case, it plainly appears from the face of the petition that all of the claims are unexhausted because they have not been raised in the California Supreme Court. See Rule 4, Rules Governing Habeas Corpus Cases Under Section 2254. Therefore, the habeas petition is wholly unexhausted and should be summarily dismissed without prejudice due to petitioner's failure to exhaust his state court remedies. See Rose, 455 U.S. at 521-522.

////

**IV.    Plain Language Summary for Party Proceeding Without a Lawyer**

Since petitioner is representing himself in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

Since your direct appeal is still pending, you have not exhausted your state court remedies prior to filing this habeas petition. It is recommended that your habeas petition be dismissed without prejudice.

If you disagree with this result you can explain why by filing "Objections to Magistrate Judge's Findings and Recommendations" within 21 days from the date of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 8) is granted.

2. The Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice as a wholly unexhausted petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of any judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be served and filed

within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE